J-S41021-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SURREAL CUNNINGHAM, | |
| Appellant | No. 2097 EDA 2012 |

Appeal from the Judgment of Sentence Entered June 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011639-2011

BEFORE:  BENDER, J., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, J.                    **FILED DECEMBER 31, 2014**

Appellant, Surreal Cunningham, appeals from his sentence of 5 – 10 years' incarceration following his conviction for possession with intent to deliver and possession of drug paraphernalia.  For the following reasons, we dismiss his appeal without prejudice, and remand this case to the trial court.

On September 26, 2013, this Court vacated Appellant's judgment of sentence, and remanded to the trial court for an after-discovered evidence hearing, in light of the fact that several newspaper articles indicated that police officers involved in securing Appellant's conviction had been involved in significant corruption in similar but unrelated criminal cases, including the use of excessive force, false arrests, and the filing of fraudulent police

_____

[*] Retired Senior Judge assigned to the Superior Court.

reports. The Commonwealth sought review of our decision with our Supreme Court and, on August 26, 2014, our Supreme Court issued a per curiam order vacating our decision and remanding to this Court for reconsideration in light of **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014) (holding that a newspaper article, alone, alleging police misconduct in other cases, was insufficient to support a motion for a new trial in absence of a description of the evidence that would be presented at an after-discovered evidence hearing).

Subsequently, on September 18, 2014, Appellant filed a "Petition to Remand Case to Court of Common Pleas" (Appellant's Petition). Therein, Appellant averred that additional evidence of corruption had emerged since our initial decision, particularly that the police officers involved in his case had been indicted in relation to the allegations that initially appeared in the newspaper articles. As such, Appellant specifically requested in his petition that we remand and relinquish jurisdiction in order to permit further action by the trial court in light of these new revelations.

Consequently, on October 8, 2014, this Court issued an order directing the Commonwealth to file a response to Appellant's Petition, and the Commonwealth subsequently filed its response on November 19, 2014. Therein, the Commonwealth indicated that it "has no opposition to [Appellant's] petition for remand." Commonwealth's Statement of No Objection to Appellant's Remand Request, 11/19/14, at 1 ¶ 3.

Accordingly, we hereby dismiss the instant appeal without prejudice, and remand this case to the Court of Common Pleas of Philadelphia County for further proceedings.

Appeal ***dismissed***, case ***remanded***, jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014